ace

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| U.S. ENGINEERING COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) Case No. 06-2477-JAR <br> UNITED EXCEL CORPORATION ) <br> AND LIBERTY MUTUAL ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> _____ ) | |

## MEMORANDUM AND ORDER GRANTING
## DEFENDANTS' MOTION TO STAY PROCEEDINGS

This matter comes before the Court on defendants' Motion to Stay Proceedings (Doc. 11). The motion is fully briefed, and the Court is now prepared to rule. For the reasons set forth below, the Court grants defendants' motion.

*Facts*

The University of Kansas Hospital Authority (the "Owner") entered into a contract (the "Prime Contract") with defendant United Excel Corporation ("UEC") for the construction of certain improvements to the Central Utility Plant at the University of Kansas Medical Center. UEC then entered into a subcontract (the "Subcontract") with plaintiff U.S. Engineering Company, Inc. ("USE") in which plaintiff agreed to provide certain labor and materials in connection with the construction project, including labor, materials, equipment and supervision of installation of the mechanical systems. Plaintiff contends that it fully performed under the

Subcontract with UEC and that plaintiff remains unpaid in the total amount of $661,134.00 plus interest, costs, fees and expenses.  Plaintiff alleges that UEC breached the contract by failing to respond timely to plaintiff's submittals in which it requested information and clarification about drawings and specifications which were incomplete, vague and incorrect.  Pursuant to the Subcontract, plaintiff must allow fourteen days for UEC to return a submittal.[1]  Plaintiff alleges that UEC repeatedly failed to respond within fourteen days to plaintiff's submittals and requests for details and information for the project, and often UEC would not respond for weeks or months later.

On May 16, 2006, plaintiff submitted to UEC a claim based on UEC's failures to timely respond to plaintiff's requests for information or clarification.  When plaintiff failed to receive a response from UEC after five months, plaintiff filed the Complaint in this action on November 1, 2006.  UEC states that when it received plaintiff's claim in May 2006, it submitted the claim materials to the Owner.  UEC also asserts that the claim materials were amended on August 7, 2006, and that UEC submitted the amended documents to the Owner that same month.  UEC states that the Owner reviewed the claim materials through its architects and their subconsultant.  Upon this review, the Owner responded to UEC on October 26, 2006, with questions and requests for further documentation.  UEC, in turn, submitted the requests to plaintiff.  In a letter dated November 13, 2006, plaintiff declined to answer the Owner's requests stating that its claims were against UEC, not the Owner, and that it would not address the requests because those issues were now the subject of this action, which had been filed previously on November 1, 2006.

---

[1] (Doc. 1, Ex. 2 at 7.)

*Analysis*

Under the Subcontract, "[i]f Subcontractor makes a claim of any nature, it agrees to present such claim to Contractor in writing, with full documentation, in time to allow Contractor, if appropriate, to take the action required by Contract Documents for asserting claims against the Owner."[2] UEC contends that it submitted plaintiff's claim to the Owner in accordance with this Subcontract provision because all of plaintiff's claims regarding defective plans, defective specifications, change orders submitted by the Owner and lack of design information implicate a claim against the Owner. UEC characterizes plaintiff's claims as "pass through claims," which are defined as "'claims by an allegedly damaged party against an allegedly responsible party with whom it has no contractual relationship.'"[3] However, plaintiff argues that its claims are solely against UEC, and that its claims are not pass through claims because plaintiff alleges no liability against the Owner, directly or indirectly. But UEC contends that even if plaintiff does not assert liability against the Owner, plaintiff has nevertheless brought pass through claims because the claims arise out of the actions of the Owner such as the Owner's obligation to provide full information in a timely manner regarding the requirements of the project. The Court agrees.

The Subcontract provides that if any damages or delays are incurred by Subcontractor in connection with the construction project, then Contractor is liable to Subcontractor to the same extent that the Owner is liable to the Contractor.[4] In this case, UEC contends that the Owner is

---

[2] Subcontract § 25.1, (Doc. 1, Ex 1 at 9).

[3] *Roof-Techs, Int'l, Inc. v. State*, 57 P.3d 538, 550 (Kan. Ct. App. 2002) (quoting *Pass Through Claims and Liquidation Agreements*, 18 Construction Lawyer 29, 29 (Oct. 1998)).

[4] Subcontract § 25.2, (Doc. 1, Ex 1 at 9).

responsible for providing information in a timely manner regarding the requirements of the project as set forth in the Prime Contract.[5]  When plaintiff submitted its claim to UEC, UEC in turn submitted the claim to the Owner for the claim administration process.  This process has not yet concluded, and UEC states that it wishes, along with the Owner, to complete the claim administration process.  The Court finds that because UEC has submitted plaintiff's claim to Owner for claim administration and a determination of liability, plaintiff's claim, in essence, is a pass through claim, even though plaintiff has not alleged liability against Owner.  Plaintiff, an allegedly damaged party, has asserted claims against UEC who has, in turn, submitted the claim to the allegedly responsible party, the Owner, with whom plaintiff has no contractual relationship.  Thus, the Court determines that plaintiff's claims are pass through claims.

The Subcontract further provides that, "Subcontractor agrees to exhaust all remedies which are available to it through Contractor prior to instituting a separate action in court or otherwise."[6]  Further, "in the event a separate action is instituted prior to the exhaustion of such remedies, Subcontractor agrees to stay such action pending Contractor's exhaustion of Subcontractor's remedies against Owner."[7]  Therefore, the Court finds, in light of these Subcontract provisions, that this action should be stayed pending UEC's exhaustion of plaintiff's

---

[5]*See* Prime Contract § 3.3, (Doc. 14, Ex 1 at 1) ("The Owner shall provide full information in a timely manner regarding the requirements of the Project, including a program, which sets forth the Owner's objectives, constraints and criteria, including space requirements and relationships flexibility and expandability requirements, special equipment and systems, and site requirements.").

[6]Subcontract § 25.4, (Doc. 1, Ex 1 at 9); *see also* Subcontract § 4.4, (Doc. 1, Ex. 1 at 2) ("In the event that [O]wner does not pay Contractor for Subcontractor's work for any reason which is not the fault of Subcontractor, Subcontractor agrees to allow Contractor to exhaust all necessary remedies against [O]wner to collect this sum prior to the institution of any proceedings by Subcontractor against Contractor.").

[7]*Id*; *see also* Subcontract § 4.4, (Doc. 1, Ex. 1 at 2) ("In the event that Subcontractor must institute proceedings before all rights and remedies against Owner have been exhausted . . . Subcontractor agrees to stay the proceedings to allow the parties to first exhaust all remedies against the owner.").

remedies against the Owner.

      Additionally, under the Subcontract,

> Subcontractor agrees to be bound, with respect to its Work, by all the terms and provisions of the Contract Documents by which Contractor is bound, and to assume toward Contractor all of the obligations and responsibilities that Contractor and the Contract Documents assumed toward Owner, except as provided here in.[8]

The Prime Contract requires the parties to submit claims to mediation.[9]  Therefore, because under the Subcontract plaintiff agreed to be bound by the terms and provisions of the Prime Contract, plaintiff must participate in mediation, as required by the Prime Contract, to resolve its claim.

      Plaintiff argues that UEC should not be permitted to rely on the provisions of the Subcontract because UEC breached the Subcontract by failing to respond to plaintiff's claims for over five months.  Plaintiff contends that UEC has been the cause of the unreasonable delay throughout the contract performance and the claim submittal process.  It is unclear to the Court which provision of the Subcontract plaintiff claims UEC breached by failing to respond to plaintiff's claims for over five months.[10]  Section 25 of the Subcontract, which discusses submissions of claims to the Contractor, does not impose a time limit on the claim submission process.  Plaintiff also claims in its motion that UEC breached the Subcontract by failing to

---

[8] Subcontract § 5.2, (Doc. 1, Ex 1 at 2–3).

[9] Prime Contract § 4.5, (Doc. 12, Ex 2 at 1–2).

[10] UEC refutes that there was a five month delay and contends that it has complied with the requirements of the Prime Contract, as contemplated by the Subcontract, by forwarding plaintiff's claims to the Owner.  UEC states that when it received plaintiff's initial claim on May 16, 2006, it forwarded the claim on to the Owner that same month.  When plaintiff submitted amendments to the claim on August 7, 2006, UEC states that it again forwarded the material to the Owner that same month.  When the Owner responded with questions and requests for additional information on October 26, 2006, UEC sent these questions and requests to plaintiff on October 31, 2006.

respond within fourteen days to plaintiff's submittals and requests for information.  While plaintiff claims that under the Subcontract, UEC had fourteen days to review and respond to plaintiff's submittals, the provision reads, "[f]ourteen (14) days must be allowed for return of shop drawings."[11]  There is no requirement in the Subcontract that UEC respond within fourteen days, but rather the Subcontract states that plaintiff must wait at least fourteen days for the return of the submission.  Even if UEC breached the Subcontract, as plaintiff contends, the Court does not find that application of the Subcontract to this dispute should be precluded.

Therefore, applying the Subcontract to this case, the Court grants the requests made by defendants in their motion.  First, defendants request the Court to enter an Order staying this action.  Second, defendants ask the Court to set a time to complete the claim investigation process and mandatory mediation.  In accordance with the analysis above, the Court orders that this action should be stayed.  Additionally, the Court orders that the parties complete the claim investigation process and submit the claim to mediation in accordance with the Subcontract provisions.  The process shall be completed no later than **August 1, 2007.**

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Stay Proceedings (Doc. 11) is **GRANTED.**

**IT IS SO ORDERED**.

Dated this  8th   day of February 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[11](Doc. 1; Ex. 2 at 7.)